IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IBRAHIMA BAH, § <br> § <br> *Petitioner*, § <br> § <br> v. § <br> § <br> WARDEN, KARNES COUNTY § <br> IMMIGRATION PROCESSING § <br> CENTER, *et al.*, § <br> § <br> *Respondents*. § | No. 1:25-CV-2137-DAE |

ORDER

Before the Court is Petitioner Ibrahima Bah's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. # 1), and Respondents' Abbreviated Response and Request to Proceed Without Oral Argument (Dkt. # 5).

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and the relevant law, the Court **GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that follow.

FACTUAL BACKGROUND

Petitioner Bah is a citizen of Guinea who is currently detained at the Karnes County Immigration Processing Center in Karnes City, Texas. (Dkt. # 1 at ¶¶ 22, 23.) Petitioner arrived in the United States on November 1, 2023, and was

1

conditionally released (on "parole"[1]) on November 5, 2023 under 8 U.S.C. § 1226(a).  (Id. at ¶¶ 22, 28, 29.)  Petitioner was issued a Notice to Appear in Immigration Court ("NTA") and permitted to enter the country, which cited INA § 236 as the authority for his release.  (Id. at ¶¶ 30, 32.)  Since then, Petitioner has lived in the United States and has complied with all conditions of his release, including attending required immigration hearings and check-ins.  (Id. at ¶¶ 34-35.)  Petitioner has applied for asylum, withholding of removal, and protection under the Convention Against Torture.  (Id. at ¶ 37.)

       Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers on December 9, 2025, and taken to the Karnes County Immigration Processing Center where he has remained since.  (Id. at ¶ 39.)  Petitioner is being held without the opportunity for a bond hearing.  (Id. at ¶ 44.)  Although Petitioner requested a custody redetermination, the immigration court refused jurisdiction.  (Id. at ¶ 46.)

## PROCEDURAL HISTORY

       On December 23, 2025, Petitioner filed a habeas petition asserting that his detention without bond under the "mandatory detention" provision of the

---

[1] The Court clarifies that its discussion of "parole" in this case refers to conditional release under 8 U.S.C. § 1226(a) unless otherwise specified—not humanitarian parole under § 1225.

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2), violates the INA and his due process rights. (Dkt. # 1 at ¶¶ 54–73.)

Pursuant to this division's standing order, this case was referred to U.S. Magistrate Judge Mark Lane. (Dkt. # 2.) On January 7, 2026, this Court issued an order vacating the referral of this matter to Judge Lane and ordered Respondents Warden, Karnes County Immigration Processing Center; Todd M. Lyons, Acting Director of United States Immigration and Customs Enforcement; Kristi Noem, Secretary of the United States Department of Homeland Security; and Pamela Bondi, Attorney General of the United States to show cause within three days as to why the petition should not be granted. (Dkt. # 4.)

Respondents Pamela Bondi, Kristi Noem, and Todd M. Lyons (herein, "Respondents")[2] timely filed an abbreviated response to the Petition for Writ of Habeas Corpus to preserve their legal arguments and conserve judicial and party resources. (Dkt. # 5.) They acknowledge that, because there are no material differences between this case and the prior rulings of other courts in this District concerning similar challenges, "the Court can decide this matter without delay."

---

[2] Respondent, Warden of the Karnes County Immigration Processing Center, has not joined the response.

3

(Id. at 2, 4.) Respondents ask that the Court incorporate the filings in those prior cases[3] into the record of this habeas action. (Id. at 2.)

## LEGAL STANDARD

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." Buenrostro-Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (internal citation and quotations omitted); 28 U.S.C. § 2241. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

---

[3] Specifically, Respondents ask the Court to incorporate the filings in the following matters: Navarro v. Bondi et al., No. 5:25CV1468-FB (W.D. Tex. Dec. 2, 2025); Moradi v. Thompson et al., No. 5:25CV1470-OLG (W.D. Tex. Dec. 18, 2025); Estupinan Reyes v. Thomspon et al., No. 5:25CV1590-XR (W.D. Tex. Dec. 12, 2025); Acosta-Balderas v. Bondi et al., No. 5:25CV1629-JKP (W.D. Tex. Dec. 11, 2025); Tisighe v. De Anda-Ybarra et al., 3:25CV593-KC (W.D. Tex. Dec. 5, 2025); Chauhan v. Noem et al., 3:25CV574-DB (W.D. Tex. Dec. 8, 2025); Gvedashvili v. Mooneyham et al., 6:25CV552-ADA-DTG (W.D. Tex. Dec. 22, 2025). The Court has reviewed the filings in Respondents' cited cases and will incorporate herein Respondents' legal arguments in those cases.

DISCUSSION

I.      Subject Matter Jurisdiction

As an initial matter, Respondents have argued in previous cases that the Court lacks jurisdiction to decide this case because 8 U.S.C. §§ 1252(g), (b)(9), and § 1225(b)(4) bar district court review of ICE's decision to detain Petitioner, the decision to commence removal proceedings, and any decision regarding the admission of a noncitizen.  See, e.g., Acosta-Balderas, No. 5:25CV1629-JKP, Dkt. # 6 at 5–6.  Respondents have also previously argued that 8 U.S.C. § 1226(e) bars a district court from "vacating any administrative order under the INA related to the granting or revocation of a bond."  Navarro, No. 5:25CV1468-FB, Dkt. # 11 at 1.  The Court will address each provision in turn.

   A.   8 U.S.C. § 1252(g)

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter."  8 U.S.C. § 1252(g).  The Supreme Court has emphasized that this section "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to '*commence proceedings, adjudicate cases*, or *execute* removal orders."  Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999) (emphasis in

original) (quoting 8 U.S.C. § 1252(g)).  This language was not intended "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General."  Jennings v. Rodriguez, 583 U.S. 281, 294 (2018).  Instead, the provision is confined to "just those three specific actions themselves."  Id. (citing Reno, 525 U.S. at 482–83).  Therefore, because Petitioner challenges the lawfulness of his continued detention during the pendency of his removal proceedings, § 1252(g) does not apply.[4]  Cardoso v. Reno, 216 F.3d 512, 516–17 (5th Cir. 2000) ("[S]ection 1252(g) does not bar courts from reviewing [a noncitizen] detention order, because such an order, 'while intimately related to efforts to deport, is not itself a decision to "execute removal orders" and thus does not implicate section 1252(g).'"); Santiago v. Noem, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025); Pineda v. Noem, No. SA-25-CV-01518-XR, 2025 WL 3471418, at *2 (W.D. Tex. Dec. 2, 2025); YENNIFER VALERIA DAVILA MERCADO, Petitioner, v. TODD M. LYONS, Acting Dir. of

---

[4] Respondents have characterized Petitioner's challenge as one directed at "the decision to detain [Petitioner] in the first place." Acosta-Balderas, No. 5:25CV1629-JKP, Dkt. # 6 at 6.  They have argued that this challenge "arises directly from the decision to commence and/or adjudicate removal proceedings against [Petitioner][,]" which is "exactly the type of challenge Jennings referenced as unreviewable." (Id.)  The Court finds this argument unpersuasive.  Petitioner is not challenging the decision to detain him but rather his continued detention without bond.  (See Dkt. # 1 at 7, 13, 24.)  Contrary to Respondents' claims, this falls outside the types of challenge § 1252(g) is explicitly limited to.  Jennings, 583 U.S. at 294; Cardoso, 216 F.3d at 516–17.

6

US ICE, et al., Respondents., No. 5:25-CV-1623-JKP, 2025 WL 3654268, at *3 (W.D. Tex. Dec. 11, 2025).

    B.    8 U.S.C. § 1252(b)(9)

Next, § 1252(b)(9) states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove [a noncitizen] from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). According to Respondents' previous arguments, this provision deprives the Court of jurisdiction because it consolidates all legal and factual challenges arising from removal proceedings into a single petition for review of a final removal order before the appropriate federal court of appeals. Acosta-Balderas, No.5:25CV1629-JKP, Dkt. # 6 at 6. Section 1252(b)(9), however, does not bar the court's review where a petitioner is not "asking for review of an order of removal," "challenging the decision to detain them in the first place or seek removal," or "challenging any part of the process by which their removability will be determined." Nielsen v. Preap, 586 U.S. 392, 402 (2019). Here, Petitioner is not challenging his removal proceedings but rather his continued detention without bond during the pendency of his removal proceedings. Section 1252(b)(9) thus does not present a jurisdictional bar. Id. at 399–400, 402

(concluding that § 1252(b)(9) did not strip the court of jurisdiction where individuals challenged their detention without bond); Dep't of Homeland Sec. v. Regents of the Univ. of Cal., 591 U.S. 1, 19 (2020) ("§ 1252(b)(9) does not present a jurisdictional bar" where those bringing suit "are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined.").[5]

C.     8 U.S.C. § 1225(b)(4)

Respondents have also repeatedly cited to 8 U.S.C. § 1225(b)(4) as a potential bar. Section 1225(b)(4) relates to an immigration officer's ability to challenge another immigration officer's favorable determination of admissibility.[6] The Court sees no relevance of this provision to cases like Petitioner's, nor does the Court find this provision precludes it from exercising jurisdiction. Rojas v.

---

[5] Respondents have frequently cited SQDC v. Bondi, No. 25–3348 (PAM/DLM), 2025 WL2617973 (D. Minn. Sept. 9, 2025), for the proposition that §1252(b)(9) bars Petitioner's claims. Acosta-Balderas, No. 5:25CV1629-JKP, Dkt. # 6 at 6. Aside from that decision not being binding on this Court, the SQDC court offers no reasoning in support of its conclusion. Instead, the SQDC court merely states that "[a]lthough [petitioner] contends that § 1252(b)(9) does not bar his claims because he is challenging his ongoing detention, not the initial decision to detain him, this difference does not alter the Court's conclusion" without further explanation. SQDC, 2025 WL2617973, at *3. Respondents have not explained why that analysis should govern here, and the Court is not persuaded by it.

[6] Specifically, § 1225(b)(4) provides: "The decision of the examining immigration officer, if favorable to the admission of any [noncitizen], shall be subject to challenge by any other immigration officer and such challenge shall operate to take the [noncitizen] whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title."

8

Noem, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025); Estupinan Reyes v. Warden Bobby Thompson, et al., No. SA-25-CV-01590-XR, 2025 WL 3654265, at *2 n.1 (W.D. Tex. Dec. 12, 2025).[7]

D.  8 U.S.C. § 1226(e)

Finally, Respondents previously challenged the Court's jurisdiction under 8 U.S.C. § 1226(e). Navarro, No. 5:25CV1468-FB, Dkt. # 11 at 1. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Navarro court explained, however, "this section shields only the Attorney General's discretionary detention decisions." No. 5:25CV1468-FB, Dkt. # 13 at 7 (citing Granados v. Noem, No. SA-25-CV-01464-XR, 2025 WL 3296314, at *3 (W.D. Tex. Nov. 26, 2025)). "It does not preclude, for example, challenges to the statutory framework that permits the [noncitizen's] detention without bail." Id. (citing Demore v. Kim, 538 U.S. 510, 516 (2003)) (internal

---

[7] To the extent that Respondents intended to refer to 8 U.S.C. § 1252(b)(4), a provision that discusses the scope and standard of review for orders of removal, the Court finds nothing in that provision that bars its jurisdiction here. Cardona-Lozano v. Noem, No. 1:25-CV-1784-RP, 2025 WL 3218244, *2 (W.D. Tex. Nov. 14, 2025) (concluding that "[b]ecause Petitioner does not assert a challenge to an order of removal, nothing in [§ 1252(b)(4)] bars Petitioner from seeking relief from his continued detention in this case").

quotations omitted).  Thus, as Petitioner here does not bring a challenge to a discretionary decision of the Attorney General but rather brings a challenge to the statutory framework permitting his detention without bond, this provision does not bar this Court's review.  Demore, 538 U.S. at 516; Granados, 2025 WL 3296314, at *3.

Accordingly, Respondents' jurisdictional challenges fail, and the Court has jurisdiction to consider Petitioner's claims.[8]  Estupinan Reyes, 2025 WL 3654265, at *1 ("As a general matter, the Court has jurisdiction over Petitioner's habeas petition pursuant to 28 U.S.C. Sections 1331 and 2241."); see also Jennings, 583 U.S. at 293 ("We are required in this case to decide 'questions of law,' specifically, whether . . . certain statutory provisions require detention without a bond hearing.").

---

[8] In their opposition, Respondents also include an argument that Petitioner "should be required to exhaust their administrative remedies before bringing a habeas challenge in federal court."  (Dkt. # 5 at 3.)  To the extent an administrative exhaustion requirement would normally apply in this situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one, including the [immigration judge], can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies [would be] futile."  See Lorenzo C. P., v. Noem, No. 1:25-CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); see also Shi v. Lyons, No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025) (holding that administrative exhaustion would be futile in light of Matter of Yajure Hurtado).

II.     The Merits of the Petition for Writ of Habeas Corpus

Having concluded that it has jurisdiction over Petitioner's claims, the Court turns to the merits of Petitioner's habeas petition.  In his Petition, Petitioner claims that Respondents lack statutory authority to detain him without a bond hearing and are violating his constitutional rights by doing so.  (See Dkt. # 1.)  Because the Court agrees with Petitioner's statutory argument, it does not reach his constitutional claims.

Petitioner's statutory challenge to his ongoing detention turns on whether 8 U.S.C. §§ 1225(b)(2) or 1226(a) applies in his case.  Section 1225(b)(2), often referred to as the "mandatory detention statute," provides that a noncitizen "who is an applicant for admission" "shall be detained for a removal proceeding" "if the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A).  "Individuals detained under § 1225(b)(2) receive no bond hearing and can only be released on humanitarian parole at the arresting agency's discretion."  Cardona-Lozano, 2025 WL 3218244, *3 (citing Jennings, 583 U.S. at 288).  On the other hand, § 1226(a), the "discretionary detention statute," allows for release on bond and provides 'procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody

11

determination." Buenrostro-Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025) (quoting Chiliquinga Yumbillo v. Stamper, No. 2:25-cv-479, 2025 WL 2783642, at *2 (D. Me. Sep. 30, 2025)). Section 1226(a) applies to noncitizens arrested and detained "[o]n a warrant issued by the Attorney General[.]" 8 U.S.C. § 1226(a).

"The Department of Homeland Security's 'longstanding interpretation' had been that § 1226, not § 1225, applies to noncitizens like [Petitioner] who are already present in the country." Buenrostro-Mendez, 2025 WL 2886346, at *2 (quoting Savane v. Francis, No. 1:25-CV-6666-GHW, 2025 WL 2774452, at *5 (S.D.N.Y. Sept. 28, 2025)). However, in July 2025, DHS changed its position. Id. In a memo sent to all ICE employees, DHS announced that noncitizens already present in the country who had not been admitted were to be "treated in the same manner that 'arriving [noncitizens]' have historically been treated," that is, subject to mandatory detention under § 1225(b)(2). Maldonado Vazquez v. Feeley, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082, at *5 (D. Nev. Sept. 17, 2025); Cardona-Lozano, 2025 WL 3218244, *6. The Board of Immigration Appeals ("BIA") adopted this new interpretation in a decision issued on September 5, 2025. Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). Specifically, the BIA held that the immigration judge "did not have authority over the bond request because [noncitizens] who are present in the United States

12

without admission are applicants for admission as defined under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." Id. at 220. As a result of these changes, "[t]he government now applies § 1225 to *all* applicants for admission." Buenrostro-Mendez, 2025 WL 2886346, at *2 (emphasis in original).

Respondents' abbreviated response appears to entirely ignore the crux of this case: Plaintiffs' prior release on recognizance.[9] (See Dkt. # 5.) Instead, Respondents maintain that Petitioner's detention is governed by §1225 because he is an "alien who entered without inspection or parole . . . and remains an applicant for admission." (Id. at 3.) However, the Court notes that DHS specifically authorized his conditional release pursuant to § 1226(a) in 2023. (Dkt. # 1 at ¶¶ 29, 32.) This is supported both by the plain terms of his Notice of Custody Determination, (id. at ¶ 32), and by the fact that § 1225's mandatory detention provisions contain no such mechanism for conditional release or parole. See § 8 U.S.C. 1225. Respondents further do not assert that Plaintiff's conditional release or parole status has been revoked.

---

[9] The Court did not find an analogous argument in Respondents' incorporated briefs. (Dkt. # 5-1.) In Moradi, Respondents argued Petitioner was not an applicant for admission where he was placed into expedited removal proceedings; however, this argument appears irrelevant here, where neither party has asserted that Plaintiff was placed in expedited removal proceedings. (See Dkt. # 5-1 at 24.)

13

Accordingly, the Court finds that the government conditionally released Petitioner pursuant to § 1226 in 2023; the government treated him as subject to § 1226 when they released him under recognizance.  (See Dkt. # 1 at § 31.)  Thus, the government now wrongfully detains Petitioner under § 1225 where they have not revoked his § 1226 conditional release.[10]

To the extent Respondents maintain their argument that § 1225, rather than § 1226, is the appropriate detention statute, this Court and others around the country have considered and repeatedly rejected Respondents' broad reading of § 1225(b)(2).  See, e.g., Mboup v. Field Off. Dir. of New Jersey Immigr. & Customs Enf't, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); Lopez-Campos v. Raycraft, 797 F. Supp. 3d 771, 784 & n.5 (E.D. Mich. 2025) (same); Vargas Bondi, No. SA-25-CV-1023-FB (HJB), 2025 WL 3300446, at *4  (W.D. Tex. Nov. 12, 2025), report and recommendation adopted sub nom. Vargas v. Bondi, No. SA-25-CV-1023-FB, 2025 WL 3300141 (W.D. Tex. Nov. 26, 2025) (same); Buenrostro-Mendez, 2025 WL 2886346, at *2, 3 (explaining that "[t]his case is one of a number of recent lawsuits filed challenging the federal government's authority to detain noncitizens during the pendency of removal proceedings under 8 U.S.C. § 1225(b)" and noting that

---

[10] The Court need not address Petitioner's due process arguments where it has decided the Petition on statutory grounds.

14

"almost every district court to consider this issue" has rejected the Government's new interpretation).

As a final matter, "[a]lthough Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241 and seeks attorney fees, the Court treats the instant action solely as a habeas action under § 2241." Davila Mercado, 2025 WL 3654268, at *7. Here, as in Davila Mercado, Petitioner has not specifically brought any non-habeas claim and has paid only the minimal habeas filing fee. Accordingly, the Court denies any request for attorney's fees in this case. Id.; Aldana Perez v. Noem, et. al., No. SA-25-CV-01534-XR, 2025 WL 3654262, at *7 (W.D. Tex. Dec. 5, 2025); Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023) (holding that the Equal Access to Justice Act does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus. (Dkt. # 1.) It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Ibrahima Bah from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on January 16, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (ja@urenaesq.com) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner under the asserted detention authority, 8 U.S.C. § 1225.  If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

4. The parties shall **FILE** individual status reports no later than **6:00 p.m. January 19, 2026**, detailing their compliance with this Order.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, January 14, 2026.

_____
David Alan Ezra
Senior United States District Judge